In the Matter of BIAGIO BATTAGLIA, Petitioner, against FERDINAND Q. MORTON et al., Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

Supreme Court, Trial Term, New York County, October 24, 1947.

*George Langberg* for petitioner.

*George E. Murphy, Corporation Counsel* (*Robert E. Hugh* of counsel), for respondents.

CORCORAN, J. In this proceeding under article 78 of the Civil Practice Act, petitioner seeks an order directing the respondent municipal civil service commissioners to place his name on a special military eligible list for the permanent position of city medical officer in accordance with the provisions of subdivision 7 of section 246 of the Military Law. Petitioner was No. 19 on the list for said position on November 30, 1943, when he entered the armed services. The list expired on April 28, 1946. Petitioner left the armed services on July 1, 1946. Relief was denied the petitioner at Special Term. Upon appeal that order was modified to the extent of directing an alternative order so that a trial might be had on two issues referred to in the opinion of the Appellate Division (272 App. Div. 372). The questions stated in the opinion are (p. 374): (1) " If the temporary appointments of the two men following petitioner on the eligible list were of the latter character, as they well may have been, in order to substitute for regular employees who had entered the military service, then it is manifest that petitioner was reached for certification inasmuch as the said temporary appointees would have had to have been selected from among the next three persons standing highest on the list." " Latter character ", in the language of the opinion, is an appointment " to substitute for a regular employee who is on leave of absence for not exceeding one year "; (2) " At the same time, the question can be tried whether the appointments of the men standing behind petitioner on the list were really temporary or whether they ripened into permanent appointments by being retained in service beyond the expiration of the limited temporary periods specified in the statute."

On March 3, 1944, respondents certified one Sheppard Siegal, No. 21 on the list, with others, as eligible for two positions in the fire department, one described as " probable permanent " and the other as " temporary, military replacement ". The said Siegal was appointed to the temporary position on March 4, 1944, and continued to hold said position until December 16,

1945, when his service was terminated. This appointment was " made by the selection of one of the three persons standing highest on the appropriate eligible list."

With respect to the first question, the opinion of the Appellate Division makes no distinction between a temporary appointment for more than one month under subdivision 3 of section 15 of the Civil Service Law, and an appointment to substitute for a regular employee in the military service under section 246 of the Military Law. It concludes that, in both instances, (a) the temporary " appointees would have had to have been selected from among the next three persons standing highest on the list ", and (b) that if anyone following petitioner on the list was appointed in such manner, " it is manifest that petitioner was reached for certification * * *." Whether it was the legislative intent in adopting section 246 of the Military Law to give a person in military service the right to have his name placed upon a special military eligible list for permanent appointment because it had been reached for a temporary appointment under section 15 of the Civil Service Law or a substitute appointment under section 246 of the Military Law is not before us, since we are constrained to follow the opinion of the Appellate Division as the law of the case.

The appointment of Siegal (No. 21) was in the " latter character " of appointment as defined by the Appellate Division, and it must be found, therefore, that petitioner (No. 19) was reached for certification.

As to the second question, Siegal remained in the service beyond the temporary period specified in the Civil Service Law. The record shows, however, that Siegal's appointment was always considered as a substitute appointment under the Military Law and was terminated as such. Though the Appellate Division makes no reference to the Military Law in connection with determining whether or not Siegal's appointment ripened into a permanent one, subdivision 3 of section 246 of the Military Law provides that substitute appointments may be made for more than one year despite the provisions of section 15 of the Civil Service Law. It provides: " * * * Such substitute employee shall acquire no right to permanent appointment or tenure by virtue of his service as a substitute * * *."

The answer to the second question is that the appointment of the person standing behind petitioner on the list did not ripen into a permanent appointment.

It should be pointed out that petitioner also proved on the trial that on August 4, 1944, respondents certified to the Sanita-

tion Department three names on the list, numbers 16, 17 and 21 (the aforesaid Siegal). Number 16 was appointed to the permanent position. The Appellate Division makes no reference to this. It appears to this court, however, that petitioner (No. 19) was reached for certification under subdivision 7 of section 246 of the Military Law at that time. The fact that No. 16 was appointed, and that No. 21 was not appointed, appears to be immaterial. The provision of the Military Law is that if the name of any person is *reached for certification* during his military duty, that name shall be placed on a special eligible list in the order of its original standing. When No. 21 was certified, No. 19's name was reached. It is not the *appointment* of a person whose name follows the name of petitioner on the list that entitles him to placement on a special list; it is the reaching of his name or any name following his on the list for *certification* that gives him such right under the statute.

The respondents are directed to place the petitioner's name on a special list as provided by subdivision 7 of section 246 of the Military Law. Settle order.